**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Golden Star Mine LLC, | No. CV-24-02386-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Renegade Mining & Milling LLC, | |
| Defendant. | |

Plaintiff Golden Star Mine LLC asserts claims for trespass, quiet title, tortious interference with contract, and declaratory judgment against Defendant Renegade Mining & Milling LLC. Doc. 1. Defendant moves to dismiss Plaintiff's complaint. Doc. 6. For the reasons stated below, the Court will grant the motion in part.

### I.    Background.

On September 25, 2015, Plaintiff was deeded several unpatented lode mining claims by Golden Wonder Mine, LLC. Docs. 1 ¶ 10; 1-1 at 2-3. The Bureau of Land Management ("BLM") recognized the transfers on July 21 and July 24, 2017. Doc. 1-2 at 3. Plaintiff recorded the deeds with the Gila County Recorder on April 16, 2018. Doc. 1 ¶ 12. Plaintiff asserts that it holds valid title to the claims because it or its predecessor in interest paid BLM maintenance fees for the claims and have taken all legally required actions to maintain them. Doc. 1 ¶¶ 13-14; *see* Doc. 1-1.

At some point prior to April 29, 2024, Plaintiff learned that Defendant was asserting an interest in the mining claims and had placed fencing and signage on the land where the

claims are located. *Id.* at 18-21. Plaintiff sent a letter to Defendant requesting that it stop claim jumping and remove the barriers. Doc. 1-2. When Defendant did not acknowledge the request, Plaintiff filed this suit. Doc. 1 ¶ 22.

## II. Federal Court Jurisdiction.

At the Court's request (Doc. 12), the parties filed a joint memorandum setting forth their views on whether federal question jurisdiction exists in this case. Doc. 13. After reviewing the parties' memorandum, the Court finds that there is federal question jurisdiction.

Plaintiff asserts three state law claims related to the unpatented mining claims: trespass, quiet title, and tortious interference with contract. As addressed in the Court's order on March 27, 2025, state courts have jurisdiction over controversies between competing locators for possession of federal mining claims. 2 American Law of Mining § 33.01[4] (Found. for Nat. Res. and Energy L. ed., 2d ed. 2024). But federal courts have federal question jurisdiction if the claims require resolution of a substantial question of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983), such as the construction of federal mining location law, 2 American Law of Mining § 33.01[4].

The parties disagree on whether Plaintiff's payment of the claim maintenance fees during the time before BLM recognized transfer of the claims to Plaintiff in 2017 satisfied federal requirements to maintain valid unpatented mining claims. Docs. 6 at 4-5, 9 at 5-6. Defendant argues that the claims were forfeited because Plaintiff's predecessor in interest, not Plaintiff, was required to pay the maintenance fees in 2016, and did not do so. Doc. 6 at 5. Plaintiff argues that its payment of the fees at that time maintained the claims. Doc. 9 at 5. Significantly, Defendant cites no case suggesting the claimholder must be the one to actually pay the fees. To resolve this issue, the Court must construe the relevant federal statutes and regulations to determine whether Plaintiff's payment of the fees was sufficient to maintain the mining claims. In other words, the Court will be required to resolve a substantial issue of federal law.

This issue is presented on the face of the complaint.  Plaintiff alleges that "Plaintiff or its predecessor in interest always paid or caused to be paid, the annual maintenance fees to maintain the Mining Claims" and that "Plaintiff has always taken the legally required action to maintain the Mining Claims."  Doc. 1 ¶¶ 13-14.  Plaintiff attaches BLM documents to the complaint showing that the maintenance fees were paid during the years in question.  Doc. 1-1.  Because the complaint raises a substantial federal question, the Court concludes that it has federal question jurisdiction over this case.

**III.    Motion to Dismiss.**

Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The court treats all allegations of material fact in the complaint as true and construes them in the light most favorable to the plaintiff.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**A.    Sufficiency of Plaintiff's Allegations.**

Defendant argues that Plaintiff has not pled sufficient facts to state a plausible claim for relief.  Doc. 6 at 3.  But Defendant then proceeds to make arguments that are not really based on the sufficiency of Plaintiff's pleadings, but instead try to develop legal insufficiencies and factual contradictions with the allegations — arguments more properly made at summary judgment.

Looking to attachments to the complaint, Defendant asserts that Plaintiff paid maintenance fees for the mining claims before their transfer to Plaintiff was recognized by BLM in 2017, that Plaintiff's predecessor in interest should have paid the fees during that

time, and that the predecessor's failure to make the payments resulted in a forfeiture of the claims.  Doc. 6 at 5.  Defendant also relies on factual assertions about Defendant's acquisition of the mining claims that are not contained in the complaint.  *Id.* at 5.

Relying on the language in 43 C.F.R. § 3833.92, Defendant argues that Plaintiff's predecessor was responsible for paying the maintenance fees on the unpatented mining claims in 2016 because BLM did not recognize the transfer to Plaintiff until 2017.  Doc. 6. at 5.  Defendant does not dispute that the fees were paid by Plaintiff.  It instead relies entirely on the argument that Plaintiff could not pay the fees because the predecessor was required to do so.  But as noted above, Defendant cites no authority holding that payments made by someone other than the actual interest holder are insufficient to maintain unpatented mining claims.

Defendant has not presented a basis for Rule 12(b)(6) dismissal.  Defendant may reassert this issue at summary judgment with a more complete factual record and a more thorough discussion of the statutes, regulations, and any relevant cases on the proper payment of maintenance fees.

**B.     Tortious Interference with Contract.**

Defendant asserts that Plaintiff's tortious interference with contract claim fails because it does not adequately allege the existence of a contract with which Defendant could have interfered.  Doc. 6 at 6.  To succeed on a tortious interference claim, Plaintiff must plead the existence of a contractual relationship.  *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 493 (2002).  Unpatented mining claims are property interests over which "the Government retains substantial regulatory power[.]"  *United States v. Locke*, 471 U.S. 84, 105 (1985). They are not contractual in nature.  *Last Chance Min. Co. v. United States*, 12 Cl. Ct. 551 (1987), *aff'd sub nom. Last Chance Min. Co. v. United States*, 846 F.2d 77 (Fed. Cir. 1988) ("It would do violence to traditional contract theory, not to mention the operation of government, to hold that any statute requiring some action by a citizen to obtain a benefit or protect a right constituted an open offer to contract.").  Because the mining claims are

not a contract, Plaintiff's tortious interference claim fails.  Doc. 1 ¶¶ 40-41.

### III.  Statute of Limitations.

Defendant asserts that Plaintiff's quiet title, trespass, and declaratory judgment claims are time barred.  Doc. 6 at 8.  It claims that Plaintiff's quiet title claim is subject to a two-year statute of limitations, which has run.  *Id.* at 7-8.  It also argues that the trespass and declaratory judgment claims rely on the quiet title claim and are time barred for the same reason.  *Id.* at 7.

Although not thoroughly briefed by the parties, it appears that two different rules apply to the time limits on quiet title claims.  The first is that no statute of limitations applies to "a plaintiff in possession who brings a quiet title action purely to remove a cloud on the title to his property."  *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 176 (Ct. App. 2013).  But this does not extend to cases where a plaintiff's possession of the property is disturbed.  *Id.*  The second rule, therefore, is that "[w]hen a party in possession claims real property by right of possession only, actions to recover possession from him shall be commenced within two years after the cause of action accrues and not afterward." A.R.S. § 12-522.  Mining claims are included in the meaning of real property under the statute. A.R.S. § 12-521(a)(3).

Defendant — who bears the burden of proof on a time-bar argument, *Est. of Page v. Litzenburg*, 865 P.2d 128, 135 (Ariz. Ct. App. 1993) — asserts that the second rule applies in this case and that Plaintiff's quite title claim is subject to a two-year statute of limitations.  But Defendant does not provide sufficient information for the Court to rule on this argument.  It does not address the question of possession with respect to the two rules discussed above — which party is in possession of the mining claims for purposes of this case.  Nor does Defendant explain how to determine possession of mining claims in a case like this.  Defendant instead relies on caselaw where the real property in question is land. *Rogers v. Bd. of Regents of Univ. of Ariz.*, 233 Ariz. 262, 267 (Ct. App. 2013); *Cook*, 232 Ariz. at 176-77.

Defendants motion also relies on facts outside of the complaint to allege that two

years have passed since Plaintiff's quiet title claim accrued.  This includes when Defendant recorded its interests with Gila County Recorder and when the parties engaged in conversations over the unpatented mining claims.  Doc. 6 at 8-9.  While these conversations are mentioned in the complaint, Defendant itself recognizes that no dates are provided, *id.* at 9, and the Court must limit its analysis on a motion to dismiss to the contents of the complaint, *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Defendant's statute of limitations argument cannot be accepted on this record and at this stage of the litigation.  It may be raised at summary judgment when the record is more complete and there has been more thorough discussion of the relevant legal issues.  Because Defendant's time-bar argument for the trespass and declaratory judgment claims rests entirely on the insufficient quiet title argument, it too cannot be accepted.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 6) is **granted** on Count 3 and is otherwise **denied**.  A Rule 16 Case Management Conference will be set by separate order.

Dated this 15th day of May, 2025.

David G. Campbell
Senior United States District Judge

6